UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| JEFFERY ALAN RICHIE, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 2:12-CV-322 |
| § | |
| UTMB HOSPITAL GALVESTON, *et al*, § | |
| § | |
| Defendants. § | |

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND THE JUDGMENT

Pending is plaintiff's motion to alter or amend the judgment (D.E. 46). Because plaintiff complains that due to circumstances beyond his control, he was unable to timely file his objections to the Martinez[1] Report, his objections are considered *de novo*.

As indicated in the original order, in order to state a § 1983 claim for denial of adequate medical treatment, a prisoner must allege the official(s) acted with deliberate indifference to serious medical needs. Wilson v. Seiter, 501 U.S. 294, 303.(1991); Estelle v. Gamble, 429 U.S. 97, 105 (1976); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991). Negligent medical care does not constitute a valid § 1983 claim. Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993). See also Graves v. Hampton, 1 F.3d 315, 319 (5th Cir. 1993) ("[i]t is well established that negligent or erroneous medical treatment or judgment does not provide a basis for a § 1983 claim"). Active treatment of a prisoner's serious medical condition does not constitute deliberate indifference, even if

---

[1] Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1978); Cay v. Estelle, 789 F.2d 318, 323 n. 4 (5th Cir. 1986).

treatment is negligently administered.  See Stewart v. Murphy, 174 F.3d 530, 534 (5th Cir. 1999); Mendoza, 989 F.2d at 195; Varnado, 920 F.2d at 321.  Medical records of sick calls, examinations, diagnoses, and medication may rebut an inmate's allegations of deliberate indifference.  Banuelos v. McFarland, 41 F.3d 232, 235 (5th Cir. 1995).  As long as prison medical personnel exercise professional medical judgment, their behavior will not violate a prisoner's constitutional rights.  Youngberg v. Romeo, 457 U.S. 307, 322-23 (1982).   Deliberate indifference is an "extremely high standard to meet."  Domino v. Texas Dep't of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001).

Plaintiff's disagreement with the information in his medical records and the diagnosis of the medical professionals does not rise to the level of deliberate indifference.  Plaintiff's motion is denied.

ORDERED this 4th day of June, 2013.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE